**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| JONATHAN RODRIGUEZ SAENZ, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| JUDITH ADRIANA GUEVARA GONZALEZ, | ) | |
| | ) | |
| Respondent. | ) | |

**VERIFIED COMPLAINT AND PETITION**
**<u>FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION</u>**

Petitioner Jonathan Rodriguez Saenz ("Mr. Saenz" or the "Petitioner"), by and

through undersigned counsel, and pursuant to the International Child Abduction

Remedies Act, 22 U.S.C. § 9001, *et al*., hereby sues Respondent Judith Adriana

Guevara Gonzalez ("Ms. Gonzalez" or the "Respondent") and petitions this Court

for the return of his minor child (initials "M.R.G."), whom Respondent unlawfully

removed to the United States from the child's permanent, habitual residence of

Nuevo Leon, Mexico.[1]  In support of this Petition, Mr. Saenz states as follows:

---

[1]   This Petition is brought against Ms. Gonzalez for wrongfully removing the
minor child to the United States for a **second time**.  The first wrongful removal by
Ms. Gonzalez was litigated before this Court as Civil Action No. 1:20-cv-00978-

1

## LEGAL BACKGROUND[2]

1.     This action is brought pursuant to the International Child Abduction Remedies Act ("ICARA"), codified at 22 U.S.C. §§ 9001 – 9011, and seeks relief through the judicial remedies available thereunder.  *See* 22 U.S.C. § 9003.

2.     ICARA is the federal legislation establishing the procedures for implementation of the Hague Convention on the Civil Aspects of International Child Abduction done at the The Hague on October 25, 1980, (hereinafter "Hague Convention" or the "Convention").  *See* 22 U.S.C. § 9002(b).

3.     Both the United States and Mexico are signatories to the Hague Convention since at least October 1, 1991, and are therefore "contracting states" within the meaning of the Convention.

_____

JPB (the "First Litigation").  The First Litigation resulted in a post-trial settlement whereby Ms. Gonzalez agreed to return the minor child to his habitual residence of Nuevo Leon, Mexico, on a full-time basis, except that the child would be permitted to visit the United States during summer vacations and select holidays.  However, in July 2021, several months after returning the minor child to Mexico, Ms. Gonzalez again absconded with the child without Petitioner's knowledge or consent, wrongfully removed him to the United States for a second time, and has refused to return him since, in violation of the parties' settlement agreement.  This suit is predicated solely on Ms. Gonzalez's second wrongful removal, which occurred on or about July 8, 2021.

[2]     In support of this Petition, counsel for Mr. Saenz will soon be filing an Informational Brief that explains the purpose and mechanics of the Hague Convention on the Civil Aspects of International Child Abduction in greater detail.

4.     The primary objectives of the Hague Convention are "to secure the prompt return of children wrongfully removed to or retained in any contracting state" and to "ensure that rights of custody and of access under the law of one contracting state are effectively respectively respected in the other contracting states[.]"   *See* Hague Convention, Article 1(a) – (b).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 22 U.S.C. § 9003(a), which provides that "United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."

6.     Venue is proper in this Court under 22 U.S.C. § 9003(b), which states that "[a]ny person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."

7.     On information and belief, Petitioner believes the minor child who is the subject of this action is currently located within the jurisdiction of this Court, specifically at 620 Preston Landing Circle in Lithia Springs, Georgia, 30122.

## THE PARTIES

8.      The Petitioner, Mr. Saenz, is the natural father of the minor child for which this action was brought.  Mr. Saenz was born in Mexico and has resided there since his birth in 1985.

9.      The Respondent, Ms. Gonzalez, is the minor child's natural mother. Ms. Gonzalez was born in Mexico and resided there until her relocation to the United States.

10.      Mr. Saenz and Ms. Gonzalez were previously married and have two children together.  The first-born child currently resides with Mr. Saenz in Nuevo Leon, Mexico.  The second-born child is the minor for which this action was brought.

11.      The minor child subject to this action, initials M.R.G., was born in Nuevo Leon, Mexico, on November 13, 2014.  He is currently 7 years of age.

12.      With the exception of the period concerning the First Litigation (*see supra* FN.1), the minor child lived the entirety of his life in Mexico, and continued living in Mexico following resolution of the First Litigation.

13.      Immediately prior to his removal to the United States on July 8, 2021, the minor child lived and resided in Nuevo Leon, Mexico.

14.     A true and correct copy of M.R.G.'s birth certificate, wherein Mr. Saenz is listed as his natural father, is attached hereto as **Exhibit A.**[3]

15.     Mexico is therefore the minor child's country of "habitual residence" within the meaning of Article 3 of the Hague Convention.

## PETITIONER'S RIGHTS OF CUSTODY

16.     As the minor child's natural father, Mr. Saenz has custody rights to the minor child pursuant to the Mexican Civil Code, the laws of Nuevo Leon, and the doctrine of *patria potestas*, among other legal authorities.

17.     Mr. Saenz has never voluntarily or involuntary waived, surrendered, lost, or reduced his legal parental rights over the minor child.

18.     Mr. Saenz therefore holds "rights of custody" over the minor child within the meaning of Articles 3 and 5 of the Hague Convention.

## RESPONDENT'S WRONGFUL REMOVAL
## OF THE MINOR CHILD

19.     On or about July 8, 2021, without first notifying or obtaining Mr. Saenz's consent, Ms. Gonzalez removed the minor child from Nuevo Leon, Mexico, to the United States, in an apparent attempt to relocate the minor child permanently.

---

[3]     Petitioner electronically files his Petition with redacted exhibits for the protection of the minor child's privacy. Petitioner will soon file with the Court an unredacted version of the Petition and exhibits, together with a Motion to File Under Seal and a Proposed Order.

20.     Mr. Saenz first learned of the minor child's removal on July 9, 2021, when Ms. Gonzalez confessed to the removal via WhatsApp message in response to Mr. Saenz's attempt to coordinate a routine "pick up" time of the minor child.

21.     The July 8, 2021 removal of the minor child by Respondent was wrongful within the meaning of Article 3 of the Hague Convention because said removal was without Petitioner's consent and in direct violation of Petitioner's rights of custody.

22.     Upon learning that his child had been wrongfully removed, Petitioner contacted the Mexican Secretary of Exterior Relations and submitted an application for international return, which was forwarded to the United States Department of State to secure the return of his child pursuant to the Hague Convention ("Hague Application").  A true and correct copy of the Petitioner's Hague Application is attached hereto as **Exhibit B.**

23.     The United States' Department of State assisted Petitioner in processing his claim and provided the Hague Application to the law offices of Bryan Cave Leighton Paisner LLP.  Bryan Cave Leighton Paisner LLP has since agreed to represent Mr. Saenz in this matter and assisted with the preparation of this Petition.

24.     The aforementioned July 8, 2021 removal of the minor child occurred less than one year from the date of filing this Petition.

25.    Petitioner has not seen his minor child in person since the child's wrongful removal to the United States on July 8, 2021.

## PETITIONER WAS EXERCISING HIS CUSTODY RIGHTS PRIOR TO THE MINOR CHILD'S WRONGFUL REMOVAL

26.    From the time of the minor's return to Mexico following the First Litigation (*see supra* FN.1) through immediately prior to the minor child's second removal on July 8, 2021, Petitioner regularly exercised his custody rights over the child.  During this period, Petitioner would visit the minor child almost daily, took overnight custody of the child several days per week, and contributed financially for the child's necessities, such as by paying the child's school tuition.

27.    Petitioner was therefore exercising his rights of custody over the minor child prior to the minor child's removal on July 8, 2021, within the meaning of Articles 3 and 5 of the Convention.

28.    Even after the minor child's removal, Mr. Saenz has continued to seek to exercise his custody rights to the best of his ability, by video chatting with the minor child on a near daily basis, in addition to pursuing legal recourse through this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests the following relief be issued immediately after or at the expedited final hearing in this matter, or at such other time as may be appropriate:

(a)   The Court order the return of the child to Petitioner or to an agent of Petitioner pursuant to the Hague Convention, so that the child can return to his home country of Mexico;

(b)   The Court order the minor child's passport, visa, and all other documents necessary for the child's return to Mexico to be immediately returned to Petitioner; and

(c)   The Court order Respondent to pay "the necessary expenses incurred by or on behalf of the Petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child[,]" as set forth in 22 U.S.C. § 9007(b)(3).

Respectfully submitted this 8th day of June, 2022.

*/s/ Curtis J. Romig, Esq.*
Curtis J. Romig
Georgia Bar No. 613990
Kevin Arocha
Georgia Bar No. 872410
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree Street, N.W., 14th Floor
Atlanta, Georgia 30309
Telephone: (404) 572-6600
curtis.romig@bclplaw.com
kevin.arocha@bclplaw.com

*Attorneys for Petitioner Jonathan Saenz*